UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RHYNES,<br>Plaintiff,<br>v.<br>PCA CENTRAL CALIFORNIA CORRUGATED, LLC. et al.,<br>Defendants. | No. 2:26-cv-02635-DJC-CKD<br><br>ORDER |

Plaintiff sued Defendants in Sacramento County Superior Court under California's Labor Code Private Attorney General Act of 2004, section 2699 ("PAGA"), alleging multiple violations of the California Labor Code. Defendants removed the action to this Court based on Federal Question Jurisdiction, alleging that Plaintiff's underlying labor code claims are governed by two collective bargaining agreements ("CBAs"), and are therefore preempted by Section 301 of the Labor Management Relations Act ("LMRA"). (Not. Removal (ECF No. 1).) Before the Court is Plaintiff's Motion to Remand (ECF No. 9). The motion is fully briefed. (Mot. (ECF No. 9); Opp'n (ECF No. 12); Reply (ECF No. 15).) The motion is submitted without oral argument pursuant to Local Rule 230(g). For the reasons below, Plaintiff's motion to remand is granted.

## LEGAL STANDARD

A defendant may remove a state court civil action to federal court so long as that case could originally have been filed in federal court, based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Federal question jurisdiction is met where the action "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence, see *id.* at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992), but the district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

## DISCUSSION

The facts and procedural posture of the case are known to the parties. Section 301 of the LRMA is a "mandate … to fashion a body of federal common law to be used to address disputes arising out of labor contracts" requiring federal courts to exercise jurisdiction over federal labor law claims. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202,

209 (1985). Where a collective bargaining agreement governs the claim against an employer, section 301 of the LRMA preempts the claim and converts it to a federal question over which the federal court has jurisdiction. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). In effect, section 301 "displace[s] entirely any state cause of action for violation of contracts between an employer and a labor organization," *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983), such that "any claim purportedly based on . . . state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Even where a plaintiff has not alleged a breach of the labor contract by an employer, a claim will be preempted where the right asserted "exists solely as a result of the CBA," or, if arising independently of the labor agreement, is "substantially dependent on analysis of a collective-bargaining agreement." *Burnside*, 491 F.3d at 1059.

California's PAGA law allows an aggrieved employee to bring an action as an agent of the state to assert California Labor Code violations against employers. *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 643-644, *reh'g denied*, 143 S. Ct. 60 (2022). "[T]he statute gives employees a right to assert the State's claims for civil penalties on a representative basis, but it does not create any private rights or private claims for relief." *Id.* at 646. Instead, "PAGA claims are derivative of the predicate California Labor Code violations." *Franco v. E-3 Sys.*, No. 19-cv-01453, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019). As such the PAGA claims "rise and fall with those underlying claims." *Id.* Thus, the federal court has subject matter jurisdiction over PAGA actions "so long as some claims—either individual or non-individual—are preempted by federal law" under the LMRA. *Shwiyhat v. Martin Marietta Materials, Inc.*, No. 3:23-cv-00283, 2023 WL 6626129, at *4 (N.D. Cal. Oct. 10, 2023).

Accordingly, whether the PAGA claim in this action is preempted by the LMRA is dependent on whether a violation of any of the predicate Labor Code sections would be preempted. *See id.* at *4; *Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-

00210, 2022 WL 18012518, at *3 (E.D. Cal. Dec. 30, 2022). Courts in the Ninth Circuit use a two-part test to determine whether a claim is preempted by the LMRA, asking first "whether the asserted cause of action involves a right that exists solely as a result of the CBA," and then "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]," which turns on whether the claim cannot be resolved by simply "look[ing] to" versus "interpreting" the CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024 (9th Cir. 2016) (cleaned up)). For step one of the *Curtis* analysis, the "essential inquiry" is whether Plaintiff's claim seeks "purely to vindicate a right or duty created by the CBA itself." *Id.* For the second step, "claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Id.*

Defendants argue that Plaintiff's claims are preempted by Section 301 of the LMRA because they are governed by several CBAs. (Opp'n at 1.) Plaintiff does not dispute the existence of such CBAs but argues that there is no LMRA preemption because his claims arise solely from his rights under state law, and that resolution of these claims does not require resolving disputes over the applicable CBAs' terms. (Reply at 3.)

## I. *Curtis* Step One: California Labor Code Section 514 Exemption

Defendant argues that Plaintiff's overtime claims, and the minimum wage claim which depends on it, arise solely under the CBAs—and are therefore preempted at step one of the *Curtis* analysis—because California Labor Code sections 510 and 511, which provide for rights to overtime wages, do not apply if the plaintiff's CBA meets the requirements of California Labor Code § 514 ("section 514"). (Opp'n at 10-14.) As the Ninth Circuit has explained, if a CBA "meet[s] the requirements of section 514, [Plaintiff's] right to overtime exists solely as a result of the CBA and therefore is preempted under § 301." *Curtis,* 913 F.3d at 1154 (quotation omitted).

////

////

////

Section 514 provides:

> [s]ections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514. The Parties do not dispute that the applicable CBAs provide for the wages, hours of work and working conditions of employees. However, Plaintiff argues that the CBAs do not meet section 514's requirements because two classes of workers covered by the CBAs (Helper Stack Off and Clerk-Maintenance workers) have regular rates of pay which are lower than 130 percent of the state minimum wage. (Mot. at 8-10.) Defendants do not argue that these classes of workers are paid 130 percent of the state minimum wage, or above. (*See* Opp'n at 11.) Rather, Defendants argue that "even if a small number of employees under the CBAs missed the hourly wage cut-off," employees, including Plaintiff, whose pay exceeded the requisite 130 percent hourly wage "are still subject to the exemptions." (Opp'n at 11.)

The Court disagrees. While district courts are split on this question, the Court agrees with the weight of authority in the Ninth Circuit interpreting section 514 to mean that CBAs "must satisfy Section 514 's requirements with respect to all covered employees" for the exemption to apply to any particular employee. *Renteria-Hinjosa v. Sunsweet Growers, Inc.*, No. 2:23-cv-01413, 2023 WL 6519308, at *3 (E.D. Cal. Oct. 5, 2023), *aff'd sub nom. Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025) (collecting cases). Therefore, Defendant's exemption argument fails, and the Court finds that Plaintiff's overtime and minimum wage claims arise from state law rather than the CBAs. Thus, Plaintiff's overtime and minimum wage claims are not preempted under step one of the *Curtis* analysis.

////

## II. *Curtis* Step One: Additional PAGA Claims

In connection with his claims for overtime and minimum wage violations, Plaintiff also alleges PAGA claims for wage statement violations, failure to pay all wages due at termination, and failure to pay timely wages. (Compl. (ECF No. 1, Ex. A) at ¶¶ 19-22.) Defendant argues that because these claims "depend upon" the underlying, allegedly-preempted overtime and minimum wage claims, they are also preempted under step one of the *Curtis* analysis. (Opp'n at 17.) As the Court has found above that Plaintiff's overtime and minimum wage claims are not preempted under *Curtis* step one, the Court accordingly finds that Plaintiff's additional PAGA claims arise from his rights under state law rather than the CBAs, and are therefore also not preempted under *Curtis* step one.

## III. *Curtis* Step Two: Meal and Rest Periods and Unreimbursed Expenses

Defendants argue that Plaintiff's claims for missed meal and rest periods are preempted under *Curtis* step two because the applicable CBAs have provisions providing rules for employees' meal and rest periods. (Opp'n at 15-16.) Defendants argue that resolving these meal and rest period claims therefore requires interpretation of the CBAs. (Opp'n at 16.)

However, "'interpretation' is construed narrowly" in the context of step two of the *Curtis* analysis, and "claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Curtis,* 913 F.3d at 1152 (quotation omitted). And if resolving a claim only requires "looking to" or "consulting" the relevant CBA provision, the claim is not preempted. *Burnside,* 491 F.3d at 1060. Plaintiffs here allege only that Defendants failed to provide the meal and rest breaks required by the California Labor Code and applicable California Wage Order. (Compl. at ¶ 17.) This claim plainly does not involve a dispute over the meaning of the CBAs' meal and rest break rules. Further, meal and rest periods are nonnegotiable in California. *See Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1082 (9th Cir. 2005) (holding that the right to meal period breaks is nonnegotiable under California law).

Accordingly, the Court finds that because Plaintiff is not disputing the meaning of the CBAs' meal and rest period rules, Plaintiff's meal and rest period claims are not preempted under step two of the *Curtis* analysis.

Plaintiff alleges that Defendants failed to reimburse business expenses as required by California Labor Code section 2802, including costs associated with employees' use of their personal cell phones. (Compl. at ¶¶ 23-24.) Defendants argue that, because the CBAs "expressly provide[] for" reimbursement for items such as safety boots and prescription safety glasses, adjudicating Plaintiff's reimbursement claims requires interpretation of the CBAs. (Opp'n at 16-17.) However, California Labor Code section 2802 requires reimbursement of "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties," Cal. Lab. Code § 2802(a). This plainly encompasses Plaintiff's request for reimbursements, including for employees' cell phone costs. And Plaintiff does not mention any specific reimbursements required by the CBAs in his complaint. (*See* Compl. at ¶¶ 23-24.) Thus, the Court finds that adjudicating Plaintiff's claim for unreimbursed business expenses would require, at most, consulting the relevant CBA provisions, which falls short of resolving disputes over contract terms as is necessary for preemption under *Curtis* step two. *See Curtis,* 913 F.3d at 1152. Therefore, Defendants have not met their burden to show that Plaintiff's claims for unreimbursed business expenses are preempted under step two of the *Curtis* analysis.

**CONCLUSION**

The Court finds that Defendants have not met their burden to show that the claims underlying Plaintiff's PAGA cause of action arise from the applicable CBAs rather than California law, and that adjudicating Plaintiff's claims requires interpretation of the CBAs. Therefore, the Court finds that Plaintiff's PAGA claim is not preempted by section 301 of the LMRA, and the Court accordingly lacks subject matter jurisdiction over Plaintiff's PAGA claim. Thus, Plaintiff's Motion to Remand (ECF

No. 9) is GRANTED. The Clerk of the Court is directed to remand this case to the Superior Court of California, County of Sacramento, and close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Rhynes26cv02635.mtr